**Andrew MORRISON'S ADMINISTRATOR (G. L. Holland), Appellant,**

**v.**

**Annie REDMON, Appellee.**

Court of Appeals of Kentucky.

Feb. 10, 1956.

Modified on Court's Own Motion
March 5, 1956.

W. Howard Clay, Louisville, for appellant.

Jos. W. Cambron, Norman A. Curtis, Louisville, for appellee.

CULLEN, Commissioner.

Annie Redmon recovered judgment for $9,725, upon a jury verdict, against the estate of Andrew Morrison. The recovery represented a quantum meruit evaluation of housekeeping and nursing services rendered by Miss Redmon to Mr. Morrison, over a period of 20 years, under an alleged oral contract by which he was to leave her his entire estate in his will. Actually, Mr. Morrison did make a will leaving Miss Redmon practically all of his estate, but the signature was torn off the will and it could not be probated.

Morrison's administrator has appealed, claiming there was error in the admission of evidence, and that the verdict is not supported by the evidence.

Witnesses offered by the plaintiff to show the reasonable value of Miss Redmon's services as housekeeper proved to be unsatisfactory, so one of Miss Redmon's attorneys took the stand and testified as to the reasonable value of the services. It is contended that this constituted a violation of Canon No. 19 of the Canons of Professional Ethics of the American Bar Association (recognized in Kentucky by virtue of RCA 3.170) and that prejudicial error was committed in allowing the testimony to be given. The Canon is as follows:

"When a lawyer is a witness for his client, except as to merely formal matters, such as the attestation or custody of an instrument and the like, he should leave the trial of the case to other counsel. Except when essential to the ends of justice, a lawyer should avoid testifying in court in behalf of his client."

Without deciding whether there was a violation of the Canon here, it is sufficient to say that in any event there is no rule making the testimony incompetent. As stated in Wigmore on Evidence, Third Edition, Vol. VI, section 1911, page 604: "There is then in general no rule, but only an urgent judicial reprobation, forbidding counsel or attorney to testify in favor of his client." In 58 Am.Jur., Witnesses, sec. 152, p. 110, it is stated:

"It is settled that an attorney is a competent witness to testify in behalf of his client, * * *. And it would be error to exclude his testimony on behalf of his client on the ground that he is incompetent or that his testifying constitutes unethical conduct. * *"

■ The father of one of Miss Redmon's attorneys (himself an attorney) was permitted to testify concerning a conversation with Mr. Morrison, in which the latter had stated his intention to compensate Miss Redmon for her services and his agreement with her to leave his estate to her by will. It is contended that this was error, on the ground that the witness had such an interest in the outcome of the litigation as to disqualify him, under KRS 421.210, from testifying concerning a transaction with the deceased. It is first argued that the witness had an indirect interest, arising from his natural desire as a parent to see his son successful in the case. We consider this interest too remote to constitute a disqualification. The second argument is that the witness had participated as an attorney in some of the preliminary stages of the case, and therefore must be presumed to have a direct financial interest in its outcome. The witness admittedly did participate in the prep-

aration of one or two affidavits in support of Miss Redmon's claim against the Morrison estate, before the present suit was filed, but he stated that he did this only as an accommodation to his son, and that he was not employed by Miss Redmon in the present suit and had no interest in any fees her attorneys might receive. On the basis of this statement, we think the trial judge was warranted in finding as a fact that the witness did not have a disqualifying personal interest in the outcome of the suit.

What we have said concerning the alleged violation of the Canons of Professional Ethics by the son disposes of a similar contention of violation by the father.

■■ As concerns the sufficiency of the evidence to sustain the verdict, it is argued that there was no competent evidence of any expectation by Miss Redmon that she would be paid for her services, or of any intention by Mr. Morrison to pay her; also, that there was not sufficient evidence as to the value of the services. These contentions are interwoven with the preceding contentions as to the incompetency of the testimony of Miss Redmon's attorney and his father. The father's testimony, which we have held competent, established the existence of an agreement between Mr. Morrison and Miss Redmon that she be compensated, by will, for her services. There also was other testimony to establish the expectation of payment. There was no kinship or other relationship between the two people to give rise to any presumption of gratuitous services.

While the testimony of Miss Redmon's attorney as to the value of her housekeeping services was not very satisfactory, there was evidence by a physician that the nursing services performed by her during the last four years of Mr. Morrison's life were worth $50 per week. This would have warranted an award of $10,000 for nursing services alone, without regard to the 20 years of housekeeping services. (No question of limitations is raised.)

We think the evidence was sufficient to sustain the verdict.

The judgment is affirmed.